IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD SAMIER, Inmate #N34620, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-134-JPG |
| ) | |
| DR. POWELL and UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Powell for deliberate indifference to Plaintiff's serious medical needs.

**COUNT 2:** Against Defendant John Doe, Director of the Health Care Unit at Stateville Correctional Center, for deliberate indifference to Plaintiff's serious medical needs.

>    **COUNT 3:**   Against Defendant John Doe, Director of the Health Care Unit at Menard Correctional Center, for deliberate indifference to Plaintiff's serious medical needs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL BACKGROUND

Plaintiff states that when he arrived at Tamms Correction Center in 1998, he suffered from high blood pressure. Plaintiff states that while at Tamms, Defendant Powell performed a number of blood tests and high blood pressure tests that revealed no problems and normal blood pressure. As a result he received no treatment for high blood pressure. Plaintiff also states that while he was incarcerated at Tamms he developed a ringing in his left ear, but was told by Defendant Powell that nothing could be done about it.

Plaintiff states that he was transferred to Stateville Correctional Center in March 2003. Upon his arrival at Stateville, he was given a medical exam that revealed high blood pressure. At that time

he was prescribed medication to control the blood pressure.  In June 2003, Plaintiff was sent to an outside hospital for two days because he was experiencing chest pain.  Tests conducted at the hospital indicated that Plaintiff had a thyroid problem and muscle breakdown.  The hospital physician gave orders that Plaintiff was to continue on intravenous medication for two days after he left the hospital, but upon his return to Stateville, John Doe (Director of the Health Care Unit at Stateville) removed the IV.

Plaintiff states that he was transferred to Menard Correctional Center in March 2004.  He saw John Doe (the medical director at Menard) upon his arrival.  John Doe prescribed Plaintiff six medications, including medications to control his blood pressure and his thyroid.  Plaintiff states, however, that his thyroid levels continued to fluctuate because Defendant John Doe prescribed the wrong medication.  Plaintiff states further that he was not given the right foods and that his muscles continued to break down while at Menard.

Plaintiff has organized his complaint into essentially three claims of deliberate indifference, one for a medical practitioner at each of the three institutions.

**LEGAL STANDARDS**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health

- 4 -

or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

**COUNT 1**

Plaintiff states that when he arrived at Tamms Correctional Center he had high blood pressure, but that he received no treatment for high blood pressure or any other conditions while he was at Tamms.  After he left Tamms he was diagnosed with and treated for high blood pressure.  Plaintiff states that while he was incarcerated at Tamms, Defendant Powell conducted blood and high blood pressure tests a number of times.

Based on these facts, Plaintiff has not stated a claim of deliberate indifference in violation of the Eighth Amendment.  Although high blood pressure can be a serious medical need, Plaintiff has not shown that Defendant Powell knew of but disregarded an excessive risk to Plaintiff's health or safety.  By Plaintiff's own admission, Defendant Powell performed a number of medical tests on Plaintiff and none of them revealed high blood pressure or any other harmful condition.  As for Plaintiff's complaint of ringing in the ears, regardless of whether this constitutes a serious medical need, Plaintiff has not alleged a sufficiently culpable state of mind by Defendant Powell to state a claim of deliberate indifference.  Accordingly, Count 1 is **DISMISSED** from the action with

prejudice.  *See* 28 U.S.C. § 1915A.

### COUNT 2

Plaintiff states that upon his arrival at Stateville, Plaintiff was found to have high blood pressure and was put on medication to treat it.  Later, he was taken to an outside hospital for treatment of chest pain.  Hospital doctors diagnosed him with thyroid problems and muscle breakdown.  When he left the hospital Defendant John Doe did not follow the hospital physician's orders to continue Plaintiff on intravenous medication for a couple of days.

These facts also do not describe deliberate indifference to a serious medical need.  When Plaintiff was found to have high blood pressure, he was treated.  When he had more severe problems, he was taken to an outside hospital.  Although Defendant John Doe did not continue with the treatment Plaintiff received in the hospital, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  Plaintiff does not allege that the removal of the intravenous medication exposed him to a substantial risk of serious harm, nor does he allege the requisite culpable state of mind on the part of Defendant John Doe.  As such, Plaintiff has not stated a claim of deliberate indifference; Count 2 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

### COUNT 3

Plaintiff states that upon his arrival at Menard Correctional Center, he was immediately placed on six medications to control his conditions, however his thyroid levels continued to fluctuate. He states that he was not given a proper diet, and that his muscles continued to break down.

Again, these facts do not state a claim of deliberate indifference in violation of the Eighth Amendment. Plaintiff was regularly given medication for both his blood pressure and his thyroid, indicating that Defendant John Doe was attempting to control Plaintiff's medical conditions. That Plaintiff's thyroid levels continued to fluctuate, even while he was on medication, describes, at best, negligence, which is not sufficient to state a claim of deliberate indifference. The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability.").

As to the improper foods and the statement that his muscles continue to break down, Plaintiff here has not stated how Defendant John Doe was deliberately indifferent in reference to these facts. As a result, Plaintiff has not alleged the requisite culpable state of mind to state a claim of deliberate indifference to a serious medical need. As such, Count 3 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Also pending before the Court is Plaintiff's motion for a copy of the complaint (Doc. 14). This motion is **GRANTED**. The Clerk is **DIRECTED** to forward to Plaintiff a copy of his complaint along with this order. Plaintiff has also filed four motions to serve Defendants (Docs. 15,

16, 17, and 18).  Because the case has been dismissed, these motions are **DENIED**.

    **IT IS SO ORDERED.**

    **Dated: July 20, 2006**

                                      **s/ J. Phil Gilbert**
                                        **U. S. District Judge**